UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF TAMPA,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-965-T-23AEP

ROUTEMATCH SOFTWARE, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

In December 2011, the City of Tampa requested proposals for an "electronic dispatch system" to plot efficient routes for the city's vehicles. A city committee voted to support Routematch's proposal, and in May 2013 Routematch and the city contracted for Routematch's "proprietary software." Suing Routematch for fraudulent inducement, negligent misrepresentation, breach of contract, and breach of warranty and for violating Florida's Deceptive and Unfair Trade Practices Act, the city alleges (Doc. 8) that Routematch failed to timely provide functional software and that Routematch intentionally misrepresented the capability and availability of the software. Routematch moves (Doc. 12) to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure.

## DISCUSSION

**I. Fraudulent inducement**

Routematch correctly argues that Rule (b) requires a plaintiff to allege with particularity the details of a fraud. The city alleges that "on or about May 2, 2013," Routematch misrepresented several material facts (including the capability and availability of Routematch's software) in written responses to the city's request for proposal. (Doc. 1 at ¶ 23–24) These details about the day and the source of the alleged misrepresentations satisfy Rule 9(b).

**II. Negligent misrepresentation**

Fraud denotes a misrepresentation of a material fact intended to induce and that induces reasonable reliance by another party. In contrast, negligence requires a deviation from the applicable duty of care. Although labeled a claim for "negligent misrepresentation," count two alleges that Routematch "intended to induce" the city's reliance on Routematch's misrepresentations. (Doc. 1 at ¶ 32) Because the negligent-misrepresentation claim appears to duplicate the fraud claim, the negligent-misrepresentation claim warrants dismissal under Rule 12(f) as duplicative.

**III. Breach of contract**

Quoting one paragraph of the complaint (Doc. 1 at ¶ 36, which alleges that the parties agreed to Routematch's delivery of functioning software no later than November 2013), Routematch argues that the contract contains no express deadline for Routematch's performance. The contract (Doc. 2 at 12) appears not to include a

November 2013 deadline or another unambiguous deadline for performance. But the city alleges that Routematch failed to provide a functioning product after years of delay. (Doc. 1 at ¶ 42–43) If a contract specifies no time for performance, Florida law "impl[ies] a reasonable time." *Denson v. Stack*, 997 F.2d 1356, 1361 (11th Cir. 1993). Based on the allegations that Routematch failed to provide a functioning product after several years, the city states a claim for breach of contract.

**IV. Breach of express and implied warranties**

Routematch argues that the contract disclaims a warranty of fitness and a warranty of merchantability and that the city agreed to accept the software "as is." (Doc. 12 at 8) But Routematch mischievously omits the text that precedes the disclaimer, which states: "Except as provided in Section 4(a) through (c) of this Exhibit A . . ." (Doc. 2 at 27) In Section 4(a), Routematch warrantied that the software "will substantially conform in all material respects to the specifications and requirements set forth in the Agreement and all Exhibits thereto." (Doc. 2 at 27) In other words, the contract appears to refute Routematch's claim that Routematch disclaimed a warranty of fitness and a warranty of merchantability.

Also, Routematch argues that the city fails to allege a breach of warranty. (Doc. 12 at 8) In fact, the city alleges that Routematch failed to provide functional routing software that met the city's requirements. If true, those allegations show a breach of warranty.

Additionally, Routematch argues that the city failed to provide Routematch with the "required statutory notice." (Doc. 12 at 8) Routematch fails to identify the statute that purportedly requires notice, but Routematch appears to contemplate a UCC provision (perhaps Section 627.607(3)(a), Florida Statutes). In any event, the city alleges "properly advis[ing]" Routematch of the software's inadequacy and of the city's consequent revocation of acceptance. (Doc. 1 at ¶ 52) In sum, the city states a claim for breach of warranty.

**V. FDUTPA**

Finally, Routematch attempts to invoke Rule 9(b) and argues that the city fails to plead with particularity a FDUTPA violation. (Doc. 12 at 5) As explained in Section II of this order, fraud denotes a misrepresentation of a material fact intended to induce and that induces reliance. If a FDUTPA claim depends on a misrepresentation intended to induce and that induces reliance, the weight of authority requires the plaintiff to plead the claim with particularity, but in this instance count five omits an allegation of an intentional misrepresentation, an omission that compels applying Rule 8(a)'s requirement of a "short and plain statement" showing the plaintiff's right to relief. The count, which alleges that the city suffered damages after Routematch misrepresented the capability and availability of the routing software, states a claim under FDUTPA.

**CONCLUSION**

The motion (Doc. 12) to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. The city states a claim for fraudulent inducement, breach of contract, and breach of warranty and for the violation of FDUTPA. The negligent-misrepresentation claim, which alleges an intentional misrepresentation, warrants dismissal as duplicative of the fraudulent-inducement claim. The city's request (Doc. 15 at 12) to amend the complaint to attempt curing the defect in the negligent-misrepresentation claim is **GRANTED**. No later than **JULY 24, 2018**, the city may amend the complaint.

ORDERED in Tampa, Florida, on July 10, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE